JAMES IRWIN, surviving administrator of JAMES IRWIN, deceased, *against* DAVID ALLEN and MARY FETTER- MAN, who survived JAMES SANDERSON and others.

A power of attorney, executed by an administrator, who does not therein style himself as such, by virtue of which a dispute is settled between his intestate and a third person, by the attorney-in-fact, is competent evidence to go to the jury, with the settlement and release, particularly if it did not appear that the administrator had any account in his own right to settle.

An attorney-in-fact is a competent witness to prove, that a settlement made with him for his principal, upon which he executed a release to the party, was obtained by a misrepresentation of the truth.

Error to the Common Pleas of Mifflin county. The plaintiffs in error were the plaintiffs below.

*David Allen, Mary Fetterman* and another, were the administra- tors of *George Irwin*, deceased, who, together with their sureties in their administration bond, were sued in the name of the commonwealth, and a judgment was rendered against them for the amount of the penalty. After which a suit was brought by the present plaintiff against *David Allen* and *Mary Fetterman*, surviving administrators of *George Irwin*, deceased, in which he recovered a judgment for one thousand six hundred and sixty-seven dollars and fifty-two cents. Having thus liquidated the claim due to the estate of *James Irwin*, deceased, his surviving administrator, *James Irwin*, issued a *scire facias* upon the judgment in the name of the commonwealth to recover the amount due to the said estate by the defendants; which is this cause.

Issues were joined upon the pleas of *nul tiel record, payment, a release*, and *accord and satisfaction*.

The plaintiff having given in evidence the record of the judgment, for the penalty of the administration bond, and the judgment in the suit brought against the defendants as executors of *George Irwin*, deceased, rested.

The defendants offered in evidence a power of attorney, *James Irwin* to *Clendenin Ross*, and from *Clendenin Ross* to *William Irwin*, and an agreement entered into between *William Irwin* and *David Allen*, by which the claim of *James Irwin*, administrator of *James Irwin*, deceased, against *David Allen* and *Mary Fetterman*, administrators of *George Fetterman*, deceased, was adjusted and settled by the payment of three hundred dollars to the said *William Irwin*.

This evidence was objected to by the plaintiff, on the ground that in the power of attorney, *James Irwin* did not call himself the administrator of *James Irwin*, deceased, nor execute it as such; and that the agreement was not executed by *William Irwin* as the attorney-in-fact of *James Irwin* or *Clendenin Ross*, but in his own

(James Irwin, surviving administrator of James Irwin, deceased, *v.* David Allen and Mary Fetterman, who survived James Sanderson and others.)

name. These objections having been overruled, an exception was taken by the plaintiff.

The plaintiff then offered *William Irwin* as a witness, to prove, " that *David Allen* came to him and stated that there was no part of the estate of *George Irwin,* deceased, in his hands; that the whole estate had been disposed of in the payment of the debts of the intestate; that he would pay him three hundred dollars if he would give him a release; that lawyer *Anderson* had made a calculation by which it appeared there was not fifty dollars in his hands. That the witness was induced by these representations to sign the release. And to follow up this by proof, that at that time the administrators of *George Irwin* had in their hands, estate to a large amount, at least three thousand dollars, and that the proportion then justly due to the plaintiff's intestate exceeded one thousand dollars."

This evidence the defendants objected to: 1st. *William Irwin* is not a competent witness to prove the facts. 2d. It is not an offer to prove that *David Allen* had the money in his hands, but that it was in the hands of the administrators. 3d. The whole offer is to prove misstatements of *Allen,* and to set aside the solemn act of the witness himself, when the office was open to him, and he had a full opportunity of informing himself about the estate; and, 4th. The whole offer, if believed to be true, is not such evidence of fraud as to go to the jury.

The court sustained the objections, and overruled the offer, to which the plaintiff excepted.

Error was here assigned in the opinion of the court as contained in these two bills of exception.

*Potter,* for the plaintiff in error.

The power of attorney, and agreement made in pursuance thereof, should not have been received in evidence to defeat a claim made by *James Irwin* in his representative capacity; for it was not executed by him in that capacity. There is no rule of law which will exclude *William Irwin,* as a witness, although he executed the agreement in his own name, yet he did it as the agent of *James Irwin,* for he had no interest of his own to settle. His evidence did not tend to destroy his own solemn act, but to show the circumstances under which it was executed. But even if it did, it would not render the testimony illegal. It was a matter of no consequence whether it was *Allen* who had the estate in his hands, or his co-administratrix, for they were jointly and severally liable for it.

*Blanchard,* for defendant in error.

The plaintiff having derived advantage from the power of attorney, by procuring a settlement of his intestate's claim under it, as though it had been in all respects formal, now objects to it, because

(James Irwin, surviving administrator of James Irwin, deceased, *v.* David Allen and Mary Fetterman, who survived James Sanderson and others.)

he is not called administrator. It does not appear that he had any claim on the defendants in his own right; but, on the contrary, it is manifest that the authority delegated was to settle the claim due to the estate of his intestate.

If all the facts offered and contained in the second bill of exceptions were strictly true, they would not amount to a fraud, such as would avoid the agreement and release. The estate may have been in the hands of *Mary Fetterman*, and in jeopardy, and if so, it would be perfectly fair for *David Allen*, although liable, to buy himself out of the liability.

The opinion of the court was delivered by

Rogers, J.—There is nothing in the first objection. Although the letter of attorney is given by *James Irwin*, without stating himself to be administrator of *James Irwin*, deceased, yet, it is plain it is a letter of attorney in the suit in which the compromise was made, and was given by the administrator as such, and with a view to a settlement of that suit. It would be unjust that the estate should reap the fruits of the compromise, and afterwards avoid the agreement, because the administrator had omitted to describe himself, in his representative capacity. If it had been shown that *Irwin* had any accounts against the estate of *George Irwin*, in his own right, and that he had disclaimed the act of the attorney, there might have been some colour for the objection. But in the absence of all proof to the contrary, *ut res magis valeat quam periat* we must refer the transaction to the character in which he alone had any demands against the defendants.

After the admission of the agreement, the plaintiff offered to prove, that *David Allen* came to him, and stated that there was no part of the estate of *George Irwin* in his hands, that the whole estate had been disposed of in payment of the debts of the intestate, and that he would pay him three hundred dollars, if he would give him a release; that *Allen* stated, that lawyer *Anderson* had made a calculation, by which, he said it appeared there was not fifty dollars in his hands. This to be followed up by proof, that at the time, the administrator of *George Irwin* had then of the estate in their hands at least three thousand dollars, and that the proportion then justly due to plaintiffs exceeded one thousand dollars.

We are to take it, that the plaintiffs could prove their offer, and if so, we have the case of a person defrauded out of upwards of seven hundred dollars, by the false and fraudulent representation of his own trustee. This cannot be allowed; for the law exacts the utmost good faith from one acting as a trustee. It has been repeatedly decided that the guardian or executor shall not be permitted to speculate at the expense of the ward or personal representatives. Nor can I perceive in what respect the creditors are placed

(James Irwin, surviving administrator of James Irwin, deceased, *v.* David
  Allen and Mary Fetterman, who survived James Sanderson and others.)

in a worse situation, as the administrator is as much the trustee of
the creditors as the personal representative.   It matters not that
the administrator derives no benefit from the compromise.   The
creditors have a right to complain that their interests have been
sacrificed, by a person whose duty it was to protect them, and
whether this be done for the benefit of himself or others, is totally
immaterial to him.   It may lessen the moral turpitude of the tran-
saction, that the administrator derives no benefit from the agree-
ment; yet the loss remains the same to the creditor, whoever may
profit by his false and fraudulent representations.   When we con-
sider that the administrator is usually one of the heirs, or a relative
or friend of theirs, there is great reason that the court should be
vigilant to protect the rights of creditors.   As the administrator
has the full knowledge of the estate, it is a violation of his duty, to
be guilty of any concealment in respect to it.   Such a course of
conduct is fraudulent and void.

As the facts offered were evidence, there is no doubt the attorney-
in-fact was a competent witness to prove them: he has no interest
whatever in the event of the suit.

Judgment reversed, and a *venire facias de novo* awarded.